Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KJELLESVIG, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **1. VIOLATION OF THE FAIR** |
| | ) **DEBT COLLECTION PRACTICES** |
| MEDICREDIT, INC., | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| | ) **2. VIOLATION OF THE** |
| Defendant. | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| | ) **CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

DAVID KJELLESVIG ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Cal. Civ. Code §1788, *et. seq.*

- 1 -

("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Riverside, California 92509.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 3 City place Drive, Suite 6900, Saint Louis, Missouri 63141.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. Plaintiff never incurred any debt in connection with a business or commercial activities and therefore, the debt if truly an obligation owed by her, could have only arisen from a financial obligation primarily for personal family or household purposes.

12. Beginning in or around mid June 2015, and continuing through July 2015, Defendant's representatives placed repeated debt collection calls to Plaintiff's cellular telephone.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to: (800) 823-2318. The undersigned has confirmed that these numbers belong to Defendant.

14. During its initial communication with Plaintiff, Defendant demanded that Plaintiff provide his name and birth date, where upon request, he refused, first insisting the caller identify itself and purpose.

15. Defendant declined, and instead, continued to pressure Plaintiff into releasing personal information about himself without any stated purpose.

16. Plaintiff advised Defendant not to contact him on his cellular phone unless it was wiling to disclose its identity and purpose, thereby revoking consent to future communications.

17. However, Defendant continued to call Plaintiff.

18. During subsequent communications, Plaintiff reiterated to Defendant that its calls were unwanted and that it should stop calling him.

19. Once Defendant was aware that its calls were unwanted there was no purpose for further calls, other than harassment.

20. Further, Defendant failed to send anything in writing to Plaintiff within five (5) days of its initial communication with him, setting forth his rights pursuant to the FDCPA to dispute the alleged debt and/or seek verification of the debt.

21. Defendant's actions as described herein were made with the intent to harass and coerce payment from Plaintiff for this alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it called Plaintiff after he requested that its calls stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

27. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after he requested that its calls stop, when it failed to provide Plaintiff with any written information regarding the alleged debt, and when it engaged in other unfair conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

29. Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

# COUNT V
# DEFENDANT VIOLATED THE
# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

31. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, DAVID KJELLESVIG, respectfully prays for a judgment as follows:

      a. Actual Damages;

      b. Statutory damages;

      c. Reasonable attorney's fees and costs;

      d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID KJELLESVIG, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 22, 2015        KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT